IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN DEPAOLA, CHAPTER 7 TRUSTEE FOR COLLINS SIGNS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:04cv267-LES (WO) |
| NISSAN NORTH AMERICA, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on the Nissan Defendants' motion for sanctions (Doc. # 243), and defendants Bunker Plastic and John Parkinson's joinder in motion for sanctions (Doc. # 273). Defendants request dismissal of plaintiff's claims as a sanction for: (1) plaintiff's failure to comply with the court's May 8, 2007 order granting defendant's motion to compel (Doc. ## 237, 241); (2) her failure to preserve certain Collins Signs, Inc. (CSI) records from destruction; (3) her failure to provide addresses and telephone numbers for CSI employees identified in her initial disclosures, as well as a computation of damages; and (4) her counsel's failure to offer dates for depositions. For the reasons set out below, the motion is due to be denied.

### Discussion

Defendants' first ground for dismissal is without merit. The court's May 8, 2007

order directed plaintiff to "respond" to Nissan North America's (NNA's) third document request by May 21, 1007.  Doc. #241.  Plaintiff complied with the court's order by responding in writing to the request on the date set by the order.  See Doc. #244 at 10, 13-14, and Ex. F.  To the extent that defendants deemed this response insufficient, their remedy – which defendants did not pursue – was to confer further with plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and ¶ 5 of the General Order of this court entered on November 22, 1993, and, if necessary, to file a motion to compel under Rule 34(b) and 37(a), certifying their failure, after a good faith conference, to resolve the dispute.

Neither can the court conclude that plaintiff improperly failed to preserve CSI records from destruction. These records, originally stored in several hundred boxes at mini-warehouses on Napier Field Road in Dothan, Alabama, were the property of CSI until the assets of the business were sold to Cummings Signs.  See Doc. #250, Cole affidavit.  Plaintiff viewed, but did not take possession of these records.  In June, 2004, the warehoused records were moved by a Cummings Signs employee, Jonathan Cole, to "upstairs project management space" in the Cummings Signs facility in Dothan, Alabama -- where they remain, so far as the court is aware, to this day. Id.  Defendants have been apprised of the location of these documents – albeit belatedly, in their view – and they have apparently subpoenaed the records from Cummings Signs.[1]  Nevertheless, they maintain that plaintiff must inventory, organize and produce to them the several hundred disorganized boxes of

---

[1] The pleadings before the court suggest that Cummings has not responded to the subpoena, but defendants have filed no motion to compel.

records on Cummings Signs' premises, which plaintiff had no role in creating or putting into disarray, and which plaintiff does not have in her possession. According to the express terms of the bankruptcy court's order approving the sale of CSI's assets, Cummings Signs is not a successor to CSI and there is no continuity of enterprise between the two companies. See Collins Signs, Inc., Debtor, 03-10501-WRS, Doc. # 127 at 4. Cummings took possession of the documents along with CSI's other assets. Thus, if defendants seek to review these records, they must obtain them from Cummings Signs.[2]

Defendants also contend that plaintiff should be sanctioned for failing to print out, copy or restore certain computerized data from backup tapes maintained by plaintiff so that defendants may review these data. Doc. # 253 at 16 & n. 2. For her part, plaintiff maintains that the tapes are "available to anyone who can run the computer," and that Angela Delk can provide defendants access to them. The court declines to recommend sanctioning plaintiff or to put her to the expense of producing the data in a form other than that in which it is currently maintained until defendants have attempted access in the way suggested by plaintiff. If further measures become necessary to permit access to the data, upon a timely and properly supported motion the court will consider further relief. Defendants are cautioned that it will also consider cost-shifting if the expense of access is unduly burdensome.

The court also declines to recommend dismissal of this action for plaintiff's failure

---

[2] To the extent that plaintiff can assist with access to these documents at the Cummings Signs facility, defendants certainly may request that she do so as a courtesy to them.

3

to provide defendants the addresses and telephone numbers for former CSI employees identified in her initial disclosures, a timely computation of damages, and dates for certain depositions.  Again, defendants' remedy as to the first two alleged discovery violations, which it did not pursue, was to confer further with plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(2)(A) and ¶ 5 of the General Order of this court entered on November 22, 1993, and, if necessary, to file a motion to compel under Rule 37 certifying their failure, after a good faith conference, to resolve the dispute with opposing counsel. With regard to the third allegation concerning deposition dates, defendants had the option – which they also apparently did not exercise – to notice the depositions if agreed dates were not forthcoming and to compel plaintiff to move for a protective order, if necessary.  The court notes that plaintiff represents that it has now provided additional contact information and is in the process of providing a damages calculation.[3]  See Doc. # 280.

      While the court does not condone or excuse any failure by plaintiff to comply with the rules of discovery – and it *is* persuaded that plaintiff's counsel's compliance with those rules has been, at times, haphazard and belated – defendants cannot expect relief from such non-compliance if they do not themselves follow the rules for obtaining such relief.  In addition, defendants will undoubtedly increase the speed and ease with which they secure any necessary relief in the future by avoiding the lengthy, heavy-handed and overly histrionic motions, responses and supplements which have characterized this dispute.

---

[3] If this calculation has not heretofore been provided to defendants, it should be provided immediately.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Nissan Defendants' motion for sanctions (Doc. # 243), and defendants Bunker Plastic and John Parkinson's joinder in motion for sanctions (Doc. # 273) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before March 4, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 21st day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE