IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN S. DePAOLA, Chapter 7 Bankruptcy Trustee for Collins Signs, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | 1:04CV267 |
| v. | ) ) | |
| NISSAN NORTH AMERICA, INC.; MARK PERRY; PETER BOSSIS; ERIC SMITH; NISSAN MOTOR ACCEPTANCE CORPORATION; BUNKER PLASTICS; JOHN PARKINSON, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

I. INTRODUCTION

This matter is before the Court on the recommendation of the magistrate judge (Filing No. 322), defendants Nissan North America, Inc. ("NNA"), Nissan Motor Acceptance Corporation ("NMAC"), Mark Perry, Peter Bossis, and Eric Smith's (collectively, the "Nissan defendants") motion for sanctions (Filing No. 243), objection to findings of magistrate judge (Filing No. 335), and motion for summary judgment and/or partial summary judgment (Filing No. 312), and on defendants Bunker Plastics, Inc., and John Parkinson's (collectively, the "Bunker defendants") joinder in motion for sanctions (Filing No. 273). Upon consideration of the motions, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that the objections to the findings of the magistrate judge

should be overruled, that the findings of the magistrate judge should be adopted, that the motion and joinder in motion for sanctions should be denied, and that the motion for summary judgment should be granted in part and denied in part.

## II. BACKGROUND

On September 6, 2006, this Court entered its progression order in this case (Filing No. 216). The progression order required that initial disclosures under Fed. R. Civ. P. 26(a)(1) be exchanged by September 15, 2006. (*See Id.*)  On that date, plaintiff Susan DePaola served her Rule 26(a)(1) disclosures.  With respect to damages, DePaola made the following disclosure:

> Plaintiff is engaging in the discovery process and has not yet determined all theories under which it may claim damages.  At this time the Plaintiff is claiming damages for the lost profits, out of pocket losses, lost value and eventual destruction of the business formerly known as Collins Signs, Inc.  Plaintiff is claiming damages for the unpaid compensation due to Collins Signs, Inc. for the work performed by Collins Signs, Inc. on behalf of the Defendants, and all monies due to Collins Signs, Inc. from Defendants for the reasonable value of the goods, services and materials provided to Defendants without return compensation by which the Defendants have been unjustly enriched.  In addition, Plaintiff is claiming damages in the form of expenses incurred by it, including attorneys' fees and

> costs.  Plaintiff is seeking punitive damages to punish the conduct of the Defendants, as well as all other legal and equitable remedies, including rescission, to which Plaintiff may be entitled. Plaintiff will supplement this response in a timely manner.

(Pl.'s Initial Disclosure, Filing No. 313, Ex. X, at 9.)  On September 27, 2006, the Nissan defendants filed a motion to compel plaintiff to respond to interrogatories (Filing No. 218). That motion, and its accompanying brief, addressed only issues related to DePaola's answering of the Nissan defendants' interrogatories.  (*See generally*, Filing Nos. 218, 219.)  The motion was granted in part and denied in part (Filing No. 229). On May 2, 2007, defendant NNA moved to compel plaintiff to respond to its second set of requests for production (Filing No. 237).  This motion exclusively addressed issues related to NNA's contention that DePaola had failed to respond to its second set of requests for production of documents.  (*See* Filing Nos. 237, 238.)  On May 8, 2007, the magistrate judge granted the motion and ordered DePaola to respond to NNA's request (Filing No. 241). On July 24, 2007, the Nissan defendants moved for sanctions against DePaola for failure to comply with court order and for her destruction of exculpatory evidence (Filing No. 243).  Among the arguments made in this motion are that DePaola failed to comply with the magistrate judge's May 8 order requiring her to respond to NNA's second set of requests for production, and that

DePaola's "Rule 26 initial disclosures are grossly deficient." (Filing Nos. 243, 244.)  This motion sought to dismiss all of DePaola's claims, with prejudice, because of bad faith conduct during discovery.  (*See* Filing No. 243, at ¶ 6.)  The Bunker defendants joined in the motion for sanctions (Filing No. 273). On October 1, 2007, DePaola moved to modify the progression order, seeking, *inter alia*, to add three months to the discovery deadline (Filing No. 267, at ¶ 1(a)).  The Nissan defendants and the Bunker defendants both opposed any such extension.  (*See* Filing Nos. 276, 277.)  This Court denied the motion to amend the progression order, finding that DePaola had not been sufficiently diligent in conducting discovery to merit a good cause extension (Filing No. 282, at 2).  On December 28, 2007, in accord with the progression order, discovery closed, and DePaola served her supplemental damage disclosure.  (*See* Filing No. 318-2, at 40.) On January 22, 2008, the Nissan defendants filed a motion for summary judgment and/or partial summary judgment (Filing No. 312).  On February 21, 2008, the magistrate judge entered her recommendation that the defendants' motion for sanctions and joinder in motion for sanctions be denied (Filing No. 322). Finally, on March 4, 2008, the Nissan defendants filed their objection to the findings of the magistrate judge (Filing No. 335).

III. SUMMARY JUDGMENT STANDARD

Summary judgment will be granted only if it is demonstrated that "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 250. However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the plaintiff cannot support each essential element of her claim, summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322-23.

IV. DISCUSSION

A. Disclosure of Damages

The Nissan defendants argue that they are entitled to summary judgment because DePaola is precluded from seeking damages with respect to each of her claims by failing to serve a timely Rule 26(a)(1) disclosure of damages. (*See* Filing No. 312, at ¶ 9.) The Court notes that in order for it to reach this issue, it must first resolve questions presented by the Nissan defendants' motion for sanctions (Filing No. 243), the Bunker defendants' joinder in motion for sanctions (Filing No. 273), the recommendation of the magistrate judge (Filing No. 322), and the Nissan defendants' objection to the recommendation of the magistrate judge (Filing No. 335). A thorough review of the extensive record convinces the Court that it should accept and adopt the recommendation of the magistrate judge on the Nissan defendants' motion for sanctions and on the Bunker defendants' joinder in motion for sanctions. In addition to the adoption of the magistrate judge's well-reasoned opinion, the Court sets forth the following reasons for denying the motions for sanctions, overruling the objection to the magistrate judge's recommendation, and denying the motion for summary judgment as it relates to this issue.

Fed. R. Civ. P. 26(a)(1) requires each party to make several disclosures at the beginning of discovery "based on the

information then reasonably available to it . . . ." Rule 26(e)(1) requires parties to "supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect . . . ." Failure to appropriately supplement a disclosure under Rule 26(a) subjects a party to sanctions under Rule 37(c)(1), which states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . or to amend a prior response to discovery . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

Here, DePaola's disclosure of damages on the last day of discovery was harmless. Under this Court's progression order (Filing No. 216), discovery closed on December 28, 2007, the same date DePaola served her supplemental disclosure of damages. Although the defendants correctly point out that the "automatic sanction" of Rule 37(c)(1) would preclude plaintiff's offering evidence of damages at trial if Rule 26(a)(1) was never complied with, DePaola satisfied Rule 37 when she supplemented her disclosure of damages. The defendants claim they were harmed by the tardiness of the supplemental disclosure. However, none of the defendants filed a motion for leave to take depositions after the close of discovery, nor did they file a motion to extend

-7-

discovery in order to respond to DePaola's disclosures.  In fact, when DePaola moved this Court for an extension of the discovery deadline, all the defendants strenuously opposed it (*See* Filing Nos. 276, 277).  Moreover, none of the defendants objected to DePaola's initial disclosure when it was served on September 15, 2006, or moved to compel further disclosure, despite the fact that they moved to compel other discovery on September 27, 2006. In their objection to the findings of the magistrate judge, the Nissan defendants argue that filing a motion to compel on this issue would have been futile because DePaola had "already shown that she was unwilling to abide by Court orders granting such motions . . . ."  (Filing No. 335, at 4.)  A review of the record reveals no such unwillingness.  Although the Court does adopt the magistrate judge's opinion that plaintiff's counsel has, at times, haphazardly and belatedly complied with the rules of discovery, on these facts the Court declines to find that a defendants' motion to compel would have been futile.  In short, the defendants did not move to compel, did not seek to take any discovery after DePaola's supplemental disclosure of damages was finally produced, and did not raise any insufficiency of the supplemental disclosure until they filed their objection to the magistrate judge's recommendation.  In these circumstances, the Court finds that the defendants' motions for sanctions should be denied.

The Nissan defendants argue in their objection to the findings of the magistrate judge (Filing No. 335) that the fact that the recommendation of the magistrate judge was entered almost seven months after the Nissan defendants filed their motion for sanctions amounts to a violation of due process of law. (*See Id.* at 10.) The gist of the Nissan defendants' argument is that because they did not receive the documents they were seeking until the last day of discovery under the progression order, and the magistrate judge's recommendation on their motion for sanctions was entered after the close of discovery, they have been precluded from engaging in discovery related to the documents. There has been no due process violation here. Nothing in the nature of the motions for sanctions, or in any delay in ruling on them, or in the magistrate judge's recommendation itself, prevented the defendants from moving to compel at any time before the close of discovery. Nor did any delay in ruling prevent the defendants from moving this Court for an extension of time in which to conduct discovery, or in seeking to conduct limited discovery on this issue after receiving DePaola's supplemental disclosure of damages, which as discussed above the defendants did not do. Instead, the defendants opposed the extension of time requested by DePaola. In these circumstances, even if the Court presumes that the defendants had an interest protected by the Due Process

Clause in having their motion for sanctions granted, the Court finds that they were not deprived of due process of law.

Because the Court finds that any failure by DePaola to timely file her Rule 26(a)(1) disclosure was harmless, the Court finds that the objection to the findings of the magistrate judge (Filing No. 335) should be overruled, that the recommendation of the magistrate judge (Filing No. 322) should be adopted, and that the motion for sanctions (Filing No. 243) and the joinder in motion for sanctions (Filing No. 273) should be denied.  Because the Court has found that the requested sanctions should not be awarded, DePaola is not precluded from seeking damages with respect to each of her claims and the Court finds that material issues of fact exist with respect to DePaola's damages claims. Therefore, the Nissan defendants' argument that they are due summary judgment as to each of DePaola's claims because they are precluded by her failure to timely provide a disclosure of damages (Filing No. 312, ¶ 9) will be denied.

### B. Promissory Fraud

Defendants Perry, Bossis, Smith, and NMAC assert that they are entitled to summary judgment on DePaola's promissory fraud claim because there is insufficient evidence that they made any promises to CSI.  (*See* Filing No. 312, ¶ 1.)  Although the parties disagree about whether Alabama or California substantive law applies in this case, in either jurisdiction the defendant

must have made a promise to the plaintiff for there to be liability for promissory fraud.  *See, e.g.*, *Goodyear Tire & Rubber Co. v. Washington*, 719 So.2d 774, 776 (Ala. 1998); Judicial Council of California Civil Jury Instructions § 1902(1) (2008) ("That defendant made a promise to plaintiff.").  DePaola admits that "Perry, Bossis and Smith did not make the contractual promises to Collins Signs." (Pl.'s Resp. in Opp'n to the Nissan Defs' Mot. for Summ. J., Filing No. 331, at 52.)  The motion for summary judgment should therefore be granted in part as it relates to DePaola's promissory fraud claim against defendants Perry, Bossis, and Smith.  However, the Court finds that there are genuine issues of material fact which preclude a grant of summary judgment in favor of NMAC.

### C. Remaining Grounds

With respect to the remaining grounds in the Nissan defendants' motion for summary judgment (Filing No. 312, ¶¶ 2-8), after careful consideration of the motion, the briefs, memoranda, and evidentiary submissions of the parties, the Court finds that genuine issues of material fact exist which preclude a grant of summary judgment and therefore the motion should be denied as it relates to these grounds.

### V. CONCLUSION

On the issue of DePaola's Rule 26(a)(1) disclosure of damages, the Court finds that the Nissan defendants' objection to

-11-

findings of magistrate judge should be overruled, that the recommendation of the magistrate judge should be adopted, that the Nissan defendants' motion for sanctions, and the Bunker defendants' joinder in the motion for sanctions should be denied, and that the Nissan defendants' motion for summary judgment should be denied in part.  The Court also finds that the motion for summary judgment should be granted as it relates to the promissory fraud claim against defendants Perry, Bossis, and Smith, and denied in all other respects.  Accordingly,

IT IS ORDERED:

1) The Nissan defendants' objection to findings of magistrate judge (Filing No. 335) is overruled.

2) The recommendation of the magistrate judge (Filing No. 322) is adopted.

3) The Nissan defendants' motion for sanctions (Filing No. 243) is denied.

4) Defendants Bunker Plastics and John Parkinson's joinder in motion for sanctions (Filing No. 273) is denied.

5) The Nissan defendants' motion for summary judgment and/or partial summary judgment (Filing No. 312) is granted in part and denied in part.

6) Summary judgment is granted in favor of defendants Perry, Bossis, and Smith on DePaola's promissory fraud claim.

      7) The Nissan defendants' motion for summary judgment and/or partial summary judgment (Filing No. 312) is denied in all other respects.

      DATED this 24th day of March, 2008.

                    BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court